## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| KIMBERLY COONS, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 3:21-CV-00045-SPM |
| Plaintiff, | ) ) ) | CJRA Track: D |
| v. | ) ) | Jury Trial Month:  March 2024 |
| YUM! BRANDS, INC. and TACO BELL FRANCHISOR, LLC, | ) ) ) | The Hon. Stephen P. McGlynn |
| Defendants. | ) ) ) | |

**JOINT REPORT OF THE PARTIES AND PROPOSED**
**SCHEDULING AND DISCOVERY ORDER (CLASS ACTION)**

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, an initial conference of the parties was held on June 17, with attorneys for Plaintiff ("Plaintiff") and the proposed Class, and for Defendants YUM! Brands, Inc. ("YUM"), and Taco Bell Franchisor, LLC ("Taco Bell", with YUM, "Defendants") participating:

**SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:**

**Pending Motions to Dismiss**

1. On January 4, 2022, Plaintiff filed the Second Amended Class Action Complaint ("SAC")(Dkt. No. 73).  On February 3, 2022, Defendant Yum moved to dismiss the SAC pursuant to Rule 12(b)(2)(the "Jurisdictional Motion")(Dkt. No. 75), and Taco Bell further moved to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(6), with respect to alleged legal deficiencies, and Rule 12(b)((7), with respect to an alleged indispensable party, i.e., the franchisee Bell American (the "Motions to Dismiss")(Dkt. No. 77).

2. Plaintiff submitted her opposition briefs to the Jurisdictional Motion (Dkt. No. 81) and the Motion to Dismiss (Dkt. No. 80) on March 7, 2022, and further moved for leave to take jurisdictional discovery (Dkt. No. 82).

3. By minute order dated March 10, 2022 (Dkt. No. 83), the Court granted Plaintiff's motion for leave to take jurisdictional discovery and then set a deadline for taking of

such discovery, which deadline has been extended until July 8, 2022. (Dkt. No. 87). The Court also asked the parties to submit another Joint Report on July 15, 2022. *Id*.

4. The schedule provided below takes into account the Court ordered jurisdictional discovery and the pendency of the Jurisdictional Motion and Motion to Dismiss, as further indicated in Paragraph 6.

**Class Certification**

5. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action.  Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

6. Initial interrogatories and requests to produce, pursuant to Federal Rule of Civil Procedure 33 and 34 and SDIL-LR 33.1, shall be served on opposing parties by September 30, 2022.  If the motions to dismiss remain pending, Defendants may seek to defer responses to such discovery requests and Plaintiff may oppose such request.

   Due to the nature of this case, the parties are exempted from compliance with Federal Rule of Civil Procedure 30(a)(2)(A)(10 deposition limit) and 33(a)(25 interrogatory limit).  The parties agree to the following limitations on Interrogatories and depositions: 35 Interrogatories pursuant Rule 33, 10 depositions pursuant Rule 30.[1]  A party may seek additional discovery by motion and any party may oppose such request.

7. Plaintiff's deposition shall be taken by December 1, 2022.

8.  Defendants' depositions, including any agent, affiliate, employees, Rule 30(b)(6) or other person or entity related to any of the Defendants, shall be taken by May 30, 2023.

9. Third Party actions must be commenced by September 22, 2022 (which date shall be no later than 90 days following the scheduling conference).

10. Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2) as follows:

---

[1] This does not preclude the use of other discovery methods, such as notices to admit.

Plaintiff's expert(s):  May 30, 2023.

Defendants' expert(s): July 14, 2023.

Rebuttal expert(s): August 30, 2023

11. Depositions of Class Certification expert witnesses must be taken by:

Plaintiffs' expert(s): September 15, 2023.

Defendants' expert(s): October 6, 2023.

12. The parties CERTIFY that they have discussed, in particular, the proportionality of discovery, the burden and expenses associated with discovery, and the discovery of electronically stored information (ESI).  The parties will meet and confer further about whether an ESI protocol is necessary and agreeable.  The parties shall submit to the Court any joint proposed ESI protocol no later than September 30, 2022.  The protocol, if needed, will contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff and Defendants.

13. Plaintiff's Motion for Class Certification and Memorandum in Support shall be filed by October 30, 2023 (such date shall be no longer than 8 months prior to the first day of the trial month or the first day of the month of the trial setting ) and shall not exceed 35 pages.

14. Defendants' Memorandum Opposing Class Certification shall be filed by November 30, 2023 and shall not exceed 35 pages.

15. Plaintiff's Reply Memorandum, if any, must be filed by December 30, 2023 and shall not exceed 15 pages.

16. The Class Certification hearing, if any, will be set by separate notice.

17. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference.  If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the parties, the mechanisms for submitting written positions to the Court on an expedited basis.

**AGREED:**

3

Respectfully submitted,

/s/ Lynda J. Grant

Nicholas R. Lange
LYNCH CARPENTER LLP
111 W. Washington Street
Suite 1240
Chicago, IL 60602
Phone: (312) 750-1265
nlange@lcllp.com

Lynda J. Grant
THE GRANT LAW FIRM, PLLC
521 Fifth Avenue, 17th Floor
New York, NY 10175
Phone: (212) 292-4441
lgrant@grantfirm.com

Gary S. Graifman
Daniel Edelman
KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
ggraifman@kgglaw.com
dedelman@kgglaw.com

*Counsel for Plaintiffs*

/s/ Daniel J. Weiss

Daniel J. Weiss
David C. Layden
Elena M. Olivieri
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
dweiss@jenner.com
dlayden@jenner.com
eolivieri@jenner.com

*Counsel for Defendants*

4